UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| ROSEANN GEIGER, and<br>SHERRI HOLLEY, individually and on behalf<br>of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>H&H FRANCHISING SYSTEMS INC., d/b/a<br>HOME HELPERS, a foreign corporation as<br>GLENKAT, INC., and KATHLEEN HOLDEN,<br>an individual, and GLEN HOLDEN, an individual,<br><br>Defendants. | Civil Action No. 3:17-cv-0738<br><br>JURY TRIAL DEMANDED<br><br>**COLLECTIVE AND CLASS ACTION** |

## COMPLAINT

Plaintiffs, ROSEANN GEIGER and SHERRI HOLLEY ("Plaintiffs"), on behalf of themselves and all others similarly situated, by and through undersigned counsel, bring this action against Defendants H&H FRANCHISING SYSTEMS, INC., d/b/a HOME HELPERS, a foreign corporation, GLENKAT, INC., a North Carolina Corporation, and KATHLEEN HOLDEN, an individual, and GLEN HOLDEN, an individual, (collectively, "Defendants") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§ 95-25.1 *et seq*.

### NATURE OF THE ACTION

1. Plaintiffs allege on behalf of themselves, individually, and all other similarly situated employees of the Defendants, who elect to opt-in to this action pursuant to the collective action provision of 29 U.S.C. § 216(b) (the "Collective Action Members") that they are entitled to recover (i) unpaid minimum wages, (ii) unpaid overtime wages for all hours worked

exceeding forty (40) in a workweek, and (iii) statutory penalties, including liquidated damages, pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, specifically 29 U.S.C. §§ 207, 216(b).

2. Plaintiffs further complain, pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves, individually, and all similarly situated employees of Defendants, who work or worked in the state of North Carolina (the "North Carolina Class") that they are entitled to all unpaid wages, plus interest, liquidated damages, costs and fees and penalties as allowed for Defendants' violations of the NCWHA, N.C. Gen. Stat. §§ 95-25.1 *et seq.*

3. Defendants operate an in-home, companion care firm with a principal location in Mecklenburg County at 9024 McDiarmid Lane, Huntersville, North Carolina, 28078-8542. Defendants contract with families and individuals to place their in-home caregiver workers on site care in order to provide companion care services to the elderly and/or infirm. Plaintiffs and similarly situated individuals have been jointly employed by Defendants as in-home, caregiver employees.

## THE PARTIES

4. Plaintiff ROSEANNA GEIGER ("GEIGER") is an adult individual who is a resident of Landis, North Carolina, and worked as an in-home, caregiver employee for Defendants during the three (3) years preceding the filing of this Complaint.

5. Plaintiff SHERRI HOLLEY ("HOLLEY") is an adult individual who is a resident of Conover, North Carolina, and worked as an in-home, caregiver employee for Defendants during the three (3) years preceding the filing of this Complaint.

6. Written consent forms for GEIGER and HOLLEY are being filed with this Complaint.

7. Defendants control and/or own and/or operate an in-home caregiver

agency, among other in-state and out of state locations, at 9024 McDiarmid Lane, Huntersville, North Carolina, 28078-8542.

8. Defendants, KATHLEEN HOLDEN (hereinafter "KATHLEEN") and GLEN HOLDEN (hereinafter, "GLEN") are officers of, own and operate GLENKAT, INC., a North Carolina Corporation, with its principal place of business in Mecklenburg County at 9024 McDiarmid Lane, Huntersville, North Carolina, 28078-8542.

9. Defendant, H&H FRANCHISING SYSTEMS, INC., d/b/a HOME HELPERS ("H&H"), an Ohio corporation, which operates under and licenses the trademark name Home Helpers and its principal place of business is 10700 Montgomery Road, Suite 300, Cincinnati, Ohio 45242.

10. Defendants, KATHLEEN and GLEN are officers of, own and operate GLENKAT, INC., a franchise and/or subsidiary of Defendant, H&H FRANCHISING SYSTEMS, INC., d/b/a HOME HELPERS ("H&H"), an Ohio corporation, which operates under and licenses the trademark name Home Helpers.

11. H&H maintains control over and participates in the operation of GLENKAT, INC. and Defendants, KATHLEEN and GLEN directly and/or indirectly acted and continue to act in the interest of GLENKAT, INC. and H&H in relation to their employees. KATHLEEN and GLEN, allocated compensation to employees, made wage payment decisions, set policy and practices regarding employee pay and made, and continue to make, hiring and firing decisions for GLENKAT, INC. and H&H.

12. At all relevant times, Plaintiffs and other similarly-situated individuals were Defendants' "employees" as that term is defined by the FLSA and the NCWHA.

13. At all relevant times, Defendants were, and are, "employers" as the term is

Defined by the FLSA and the NCWHA.

14. Plaintiffs are informed and believe, and based upon such information and belief allege, that the Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

15. Plaintiffs are further informed and believe, and based upon such information and belief allege, that at all times herein mentioned, all Defendants, and each of them, were and are the agents, servants, employees, joint venturers, alter egos and/or partners of each of the other Defendants, and were, at all such times, acting within the course and scope of said employment and/or agency; furthermore, that each and every Defendant herein, while acting as a high corporate officer, director and/or managing agent, principal and/or employer, expressly directed, consented to, approved, affirmed and ratified each and every action taken by the other co-Defendants, as herein alleged and was responsible in whole or in part for the matters referred to herein.

16. Plaintiffs are further informed and believe, and based upon such information and belief allege, that at all times herein mentioned, Defendants, and each of them, proximately caused Plaintiffs, and all others similarly situated and the general public to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

17. Plaintiffs are further informed and believe, and based upon such information and belief allege, that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuit of said joint venture,

partnership and common enterprise and, as such were co-employers of Plaintiffs and the putative class herein.

18. Plaintiffs are further informed and believe, and based upon such information and belief allege, that Defendants, and each of them, at all times mentioned in this Complaint, concurred with, contributed to, approved of, aided and abetted, condoned and/or otherwise ratified, the various acts and omissions of each and every one of the other Defendants in proximately causing the injuries and/or damages alleged in this Complaint.

19. Plaintiffs are further informed and believe, and based upon such information and belief allege, that GLEN HOLDEN and KATHERINE HOLDEN made all decisions on a daily basis regarding pay policies and exerted financial and operative control over GLENKAT, INC., and are therefore individually liable under the FLSA and North Carolina State laws.

## **JURISDICTION AND VENUE**

20. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 *et. seq.*

21. Defendants employed Plaintiffs and employs/employed others in this judicial district, owns and operates an in-home companion care business in this judicial district, and is registered to transact business in the State of North Carolina.

22. The claims for violations of the NCWHA are based on the statutory law of the State of North Carolina. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of operative facts as the FLSA claim.

23. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness and convenience for the parties.

## COVERAGE ALLEGATIONS

24. At all times hereinafter mentioned, Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

25. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

26. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

27. At all times hereinafter mentioned, Plaintiffs have been employees within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

28. At all times hereinafter mentioned, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

29. At all times hereinafter mentioned, Defendants have been an employer within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(5).

30. At all times hereinafter mentioned, Plaintiffs were employees within the meaning of Section 95-25.2(4) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(4).

## STATEMENT OF FACTS

31. Plaintiffs are individual, in-home, caregiver employees who were employed by Defendants during the preceding three (3) years from the filing of this Complaint.

32. Defendant GLENKAT, INC. under the direction of H&H, contracts with various families and individuals to place their in-home caregiver workers on site in order to provide companion care services to the elderly and/or infirmed.

33. H&H provides its local entities, including GLENKAT INC., with detailed employee handbooks for them to follow, which includes payroll and personnel issues, assignment procedure, hiring, dress code, and caregiver job duties, among others.

34. During the applicable statute of limitations period, Defendants would assign Plaintiffs and other similarly-situated caregiver employees to such home sites to provide companion care to the client/resident ("resident").

35. At all relevant times, Defendants required Plaintiffs and other similarly situated employees to clock in and out using their resident's own telephone.

36. Defendants, GLENKAT INC., KATHLEEN and GLEN, scheduled the shifts for all of their caregiver employees, including Plaintiffs.

37. Plaintiffs and other similarly situated employees were required to remain onsite with the residents until another employee relieved them from their assignment.

38. If Plaintiffs', or another similarly situated caregiver employee's, scheduled shift ended and a relief caregiver employee was not present, Defendants required the on-duty caregiver employee to stay at their assigned site past their scheduled shift until another caregiver employee arrived to relieve them from their assignment.

7

39. While on duty, Plaintiffs and other similarly situated caregiver employees were often required to work 24 hour shifts, many times on consecutive days.

40. Plaintiff and other similarly situated caregiver employees were required to be "on duty" providing companion care services to the assigned resident living in the home location.

41. Other than sometime during sleep periods at night while on 24 hour shifts, which were often interrupted by the need to attend to the resident during the night, Plaintiffs and other similarly situated caregiver employees were on duty and required by Defendants to perform their companion care responsibilities, often during 17 or more hours during said shifts.

42. Plaintiffs and other similarly situated caregiver employees were not allowed breaks, other than for overnight sleep, including for meals, and were required to monitor and provide care to their assigned residents continually for the duration of their shifts until they were relieved from their assignment.

43. Plaintiffs and other similarly situated caregiver employees typically worked twenty-four (24) hour shifts in a single day and typically worked three to six days per week.

44. Plaintiffs and other similarly situated caregiver employees were unlawfully paid "flat rates" for a twenty-four (24) hour shift in a single day that amounted to an hourly rate well below the required federal minimum wage.

45. At all relevant times, Defendants knew that their caregiver employees were not being paid minimum wage for every hour worked thereby willfully violating Federal and North Carolina wage and hour laws.

46. Plaintiffs and other similarly situated caregiver employees typically worked well in excess of forty (40) hours in many individual work weeks.

8

47. At all relevant times, Defendants knew that their caregiver employees routinely worked in excess of forty (40) hours per individual work week. Nonetheless, Defendants did not pay Plaintiffs and their similarly situated caregiver employees overtime wages for all hours worked in excess of forty (40) hours during individual work weeks, as required by Federal and North Carolina wage and hour laws.

48. Plaintiffs and other similarly situated employees were all subject to Defendants' uniform policies and practices, and were victims of Defendants' schemes to deprive them of minimum wages and overtime pay. As a result of Defendants' improper and willful failures to pay Plaintiffs and other similarly situated caregiver employees in accordance with the requirements of Federal and North Carolina wage and hour law, Plaintiffs and other similarly situated caregiver employees suffered lost wages and other damages.

## COLLECTIVE ACTION ALLEGATIONS

49. This action is maintainable as an "opt-in" collective action pursuant to the FLSA, 29 U.S.C. § 216(b), as to claims for unpaid minimum wages, unpaid overtime compensation, liquidated damages, and attorneys' fees and costs.

50. Pursuant to 29 U.S.C. § 216(b), Plaintiffs bring their First and Second Causes of action, FLSA claims, on behalf of themselves, individually, and all others similarly situated caregiver employees who work or have worked for Defendants who elect to opt-in to this action ("Opt-in Plaintiffs).

51. The FLSA § 216(b) collective action class is properly defined as:

> **All current and former employees of Defendants, nationwide, who work or have worked for Defendants as in-home caregivers anytime during the three-year period preceding the filing of the Complaint in this action.**

9

Case 3:17-cv-00738-KDB-DSC   Document 1   Filed 12/24/17   Page 9 of 17

52. Consistent with Defendants' policy and pattern or practice, Plaintiffs have not been paid minimum wage for all hours worked and Plaintiff and Opt-in Plaintiffs have not been paid premium overtime compensation for all hours worked beyond 40 per workweek.

53. All of the work that Plaintiff and Opt-in Plaintiffs have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiffs and Opt-in Plaintiffs have performed.

54. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and Opt-in Plaintiffs. This policy and pattern and practice includes, but is not limited to:

   a. willfully failing to pay its in-home caregiver employees, including Plaintiffs and Opt-In Plaintiffs, minimum wages for all hours worked and premium overtime wages for all hours worked in excess of 40 hours per workweek; and

   b. willfully failing to pay and record all of the time that its in-home caregiver employees, including Plaintiffs and Opt-In Plaintiffs, have worked for the benefits of Defendants.

55. Defendants are aware or should have been aware that federal law required them to pay their in-home caregiver employees minimum wages for all hours worked and overtime premiums for all hours worked in excess of 40 per workweek.

56. Plaintiffs and Opt-in Plaintiffs perform or performed the same basic job duties, were subject to the same employment policies, practices and procedures, and have been subject to the same unlawful practices alleged herein.

57. Defendants' policy and practice of paying sub-minimum wages as described above was applicable to and affected all of Defendants' in-home caregiver employees.

58. Defendants' policy and practice of failing to pay overtime wages for all hours worked in excess of forty (40) in a workweek as described above was applicable to and affected all of Defendants' in-home caregiver employees.

59. Defendants' unlawful conduct has been widespread, repeated, and consistent.

60. There are many similarly situated current and former hourly employees of Defendants' who have been denied minimum wages and overtime compensation in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the Opt-in Plaintiffs pursuant to 29 U.S.C. § 216(b).

61. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

62. Plaintiffs request that they be permitted to serve as representatives of those who consent to participate in this action and that this action be granted collective action status pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

63. This action is maintainable as a class action pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure pursuant to NCWHA, N.C. Gen. Stat. §§ 95-25.6, 95-25.7 and 95-25.13 for failure to pay promised and earned wages for all hours worked by Plaintiffs and members of the proposed class.

64. Plaintiffs propose the same class for purposes of certification under Rule 23 as under § 216(b) of the FLSA, with the exception that the class period for this state law cause of action is two years from the date of the filing of this Complaint. The proposed class is easily ascertainable. The number and identity of NCWHA class members are determinable from Defendants' payroll records or records over which they have control, as are the hours assigned and worked, the positions held, and the rates of pay for each class member.

65. The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the exact number of class members is unknown to Plaintiffs at this time, upon information and belief, the class is comprised of at least 50 persons.

66. There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class in that Plaintiffs and all members of the proposed class have been harmed by Defendants' failure to pay earned wages. The common questions of law and fact include, but are not limited to the following:

> (a) whether Defendants refused to pay Plaintiffs and members of the proposed class promised and earned regular wages and overtime wages for all hours worked on their regular pay day in violation of NCWHA §§ 95-25.6, 95-25.7 and 95-25.13; and
>
> (b) whether Defendants' refusal to pay such compensation is in violation of NCWHA.

67. The claims of Plaintiffs are typical of those claims that could be alleged by any Putative Class Member and the relief sought is typical of the relief that would be sought by each member of the class in separate actions. All class members were subject to the same

compensation practices of Defendants; i.e. refusing to timely pay promised and earned wages. The compensation policies and practices of Defendants affected all class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each class member. Plaintiffs and members of the proposed class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

68. Plaintiffs are able to fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiffs and members of the proposed class. Plaintiffs have retained counsel who is experienced and competent in both wage and hour and complex class action litigation.

69. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the loss, injuries, and damages suffered by each of the individual class members are modest, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.

70. Important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for adjudication of individual litigation and claims would be substantial and substantially more than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for the Defendants and resulting in the

impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

## COUNT I

**(Violation of Fair Labor Standards Act – Minimum Wages Collective Action)**

71. Plaintiffs, on behalf of themselves, individually, and all others similarly situated, reassert the allegations set forth in the above paragraphs.

72. Count I arises from Defendants' violation of the FLSA, for its failure to pay all minimum wages earned by Plaintiffs and other similarly situated employees.

73. Defendants violated the FLSA by paying Plaintiffs and other similarly situated employees daily "flat rates" well below the required minimum wage.

74. Defendants violated the FLSA by failing to keep, make and preserve accurate records of all time worked by Plaintiff and similarly situated employees.

75. Defendants knew or acted in reckless disregard that its compensation practices violated the FLSA.

76. Defendants' violation of the FLSA was willful.

## COUNT II

**(Violation of Fair Labor Standards Act – Overtime Collective Action)**

77. Plaintiffs, on behalf of themselves, individually, and all others similarly situated, reassert the allegations set forth in the above paragraphs.

78. Count II arises from Defendants' violation of the FLSA, for its failure to pay all overtime wages earned by Plaintiffs and other similarly situated employees.

14

79. Defendants violated the FLSA by failing to pay Plaintiffs and other similarly situated employees one and one-half times their lawfully calculated regular rate of pay for all hours worked in excess of forty (40) in one or more individual workweeks.

80. Defendants violated the FLSA by failing to keep, make and preserve accurate records of all time worked by Plaintiff and similarly situated employees.

81. Defendants knew or acted in reckless disregard that its compensation practices violated the FLSA.

82. Defendants' violation of the FLSA was willful.

## COUNT III

### (Violation of North Carolina Wage and Hour Act)

83. Plaintiffs, on behalf of themselves, individually, and all others similarly situated, reassert the allegations set forth in the above paragraphs.

84. Count III arises from Defendants' policy and practice of suffering or permitting Plaintiff and other similarly situated hourly employees to work without paying promised and earned wages for all hours worked in violation of N.C. Gen. Stat. §§ 95-25.6, 95-25.7 and 95-25.13.

85. Defendants violated N.C. Gen. Stat. §§ 95-25.6 by failing to pay Plaintiffs and similarly situated hourly employees all promised and earned wages and overtime payments on the employees' regular payday for all hours worked.

86. Defendants' violation of the NCWHA was willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and all employees similarly situated who join this action demand and pray for:

a) This Court to Order the Defendants to file with this Court and furnish to counsel for Plaintiffs a list of all names, telephone numbers, home addresses and email addresses of all in-home caregivers who have worked for Defendant within the last three years;

b) This Court to authorize Plaintiffs' counsel to issue notice at the earliest possible time to in-home caregivers who have worked for Defendant within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of minimum wages and overtime compensation, as required by the FLSA;

c) An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who have joined in the suit);

d) An Order certifying this action as a class action under the NCWHA and designate the above Plaintiffs as representatives on behalf of all those similarly situated in-home caregiver employees;

e) An Order pursuant to the NCWHA finding Defendant liable for unpaid back wages and liquidated damages equal in amount to the unpaid compensation due to Plaintiffs and the class;

f) An Order awarding the costs of this action;

g) An Order awarding reasonable attorneys' fees;

h) A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the minimum wage and overtime requirements of the FLSA;

i) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

j) An Order granting such other and further relief as may be necessary and appropriate.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury for all issues of fact.

Respectfully submitted,

*/s/ L. Michelle Gessner*
L. Michelle Gessner, NCSB#26590
THE LAW OFFICES OF MICHELLE GESSNER, PLLC
435 East Morehead Street
Charlotte, North Carolina 28202
Tel: (704) 234-7442
Email: michelle@mgessnerlaw.com

*Attorney for Plaintiff and Putative Class Members*