# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:17-CV-00738-FDW-DSC

| | |
|---|---|
| ROSEANN GEIGER et. al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) **MEMORANDUM AND ORDER** |
| H&H FRANCHISING SYSTEMS, INC. et. al., | ) ) ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Defendants Glenkat, Inc., Kathleen Holden and Glenn Holden's "Motion to Compel Arbitration and Dismiss or Stay Action" (document #55) and the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for the Court's consideration.

The relevant facts are not in dispute. The Glenkat Defendants (Glenkat, Inc., Kathleen Holden and Glenn Holden) are franchisees of Defendant H.H. Franchising Systems, Inc. (HH). Defendants offer in-home, companion care services from their principal office in Huntersville, North Carolina. Plaintiffs, including opt-in Plaintiffs Carmon and Moss, were employed by Defendants as caregivers.

On December 24, 2017, Plaintiffs filed their Complaint, which as amended, alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1 et seq. Plaintiffs seek unpaid minimum and overtime wages, as well as statutory penalties. Plaintiffs also seek to represent all similarly

situated employees through an FLSA collective action.  Plaintiff Holley alleges a FLSA claim for retaliation.

Plaintiff Geiger and opt-in Plaintiffs Carmon and Moss signed Employment Agreements with the Glenkat Defendants.  Those agreements contained valid arbitration clauses, including arbitration of FLSA claims and class action waivers.  Plaintiff Holley did not agree to arbitrate or waive her right to seek class relief.

On July 2, 2018, the Glenkat Defendants filed their "Motion to Compel Arbitration and Dismiss or Stay Action."

Plaintiffs do not dispute the validity or scope of the arbitration agreement or class action waiver. Plaintiffs argue that Defendants delayed in compelling arbitration, instead "substantially invok[ing] the judicial process" and waiving their right to arbitration.   Document #60 at 6.  They also argue that Plaintiff Holley and Defendants never agreed to arbitration.

In its response, Defendant HH joins the Motion to Compel as a non-signatory beneficiary. See Document #61; Long v. Silver, 248 F.3d 309, 315-16 (4th Cir. 2001) (arbitration compelled for non-signatories of arbitration agreement where their claims "involved common questions of law or fact" as arbitrable claims).  Plaintiffs have pled all their claims against the Defendants collectively with a single set of factual allegations.

In their reply brief, the Glenkat Defendants clarify that they are not seeking to compel arbitration by Plaintiff Holley or any potential opt-in Plaintiff who did not sign an Employment Agreement containing the arbitration clause and class action waiver.

Accordingly, the remaining issue is whether Defendants substantially invoked the judicial process thereby waiving their right to arbitration.

The Federal Arbitration Act ("FAA") establishes a policy favoring arbitration. The FAA provides that arbitration clauses "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA requires courts to stay proceedings and compel arbitration in the event of a refusal to comply with a valid agreement to arbitrate. 9 U.S.C. § 3. The Supreme Court has described the FAA as "a liberal federal policy favoring arbitration." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011) (citation omitted). Furthermore, the Supreme Court has held that "courts must rigorously enforce arbitration agreements according to their terms." Am. Exp. Co. v. Italian Colors Rest., 133 S. Ct. 2304, 2309 (2013) (internal quotation omitted). This Court must compel arbitration if: "(i) the parties have entered into a valid agreement to arbitrate, and (ii) the dispute in question falls within the scope of the arbitration agreement." Chorley Enter., Inc. v. Dickey's Barbecue Rest., Inc., 807 F.3d 553, 563 (4th Cir. 2015). In deciding whether the parties have an enforceable agreement to arbitrate, courts apply state law principles governing the formation of contracts. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995).

The Supreme Court has recently upheld class action waivers and arbitration agreements in FLSA actions. Epic Systems Corp. v. Lewis, 584 U.S.___, No. 16-285 (May 21, 2018).

> [T]he heavy presumption of arbitrability requires that when the scope of the arbitration clause is open to question, a court must decide the question in favor of arbitration. Thus, we may not deny a party's request to arbitrate an issue unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.

Long, 248 F.3d at 315-16 (internal citations omitted).

The court must compel arbitration even if the disputed claims are exempted from arbitration or otherwise considered non-arbitrable under state law. Perry v. Thomas, 482 U.S. 483, 489 (1987) (state statute that required litigants to be provided a judicial forum for resolving wage

disputes "must give way" to Congress' intent to provide for enforcement of arbitration agreements); Am. Gen. Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 90 (4th Cir. 2005) (FAA preempts state law barring arbitration of certain claims).

On the other hand, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960). See also AT & T Technologies, Inc. v. Communications Workers, 475 U.S. 643, 648 (1986); Johnson v. Circuit City Stores, Inc., 148 F.3d 373, 377 (4th Cir. 1998); Arrants v. Buck, 130 F.3d 636, 640 (4th Cir. 1997).

A party has impliedly waived its contractual right to arbitration if, by its delay or actions inconsistent with arbitration, another party is prejudiced by the order compelling arbitration. Maxum Foundations, Inc. v. Salus Corp., 779 F. 2d 974, 981 (4th Cir. 1985); Cyclone Roofing Co. v. David M. LaFave Co., 312 N.C. 224, 321 (N.C. 1984). When the party seeking arbitration has substantially invoked the judicial process to the other party's detriment or prejudice, courts will find a waiver of the right to compel arbitration. MicroStrategy, Inc. v. Lauricia, 268 F.3d 244, 249 (4th Cir. 2001); Maxum Foundations, Inc., 779 F.2d at 981. The decision is within the Court's discretion and is based upon the specific facts of the case. Id. "The circumstances giving rise to statutory default are limited and, in light of the federal policy favoring arbitration, are not to be lightly inferred." Maxum, 779 F.2d at 981. Courts in other circuits have considered three factors in determining prejudice: whether discovery has occurred on arbitrable claims, the time and expense incurred defending against dispositive motions, and the moving party's failure to timely assert its right to arbitrate. JS Barkats, PLLC v. BE, Inc., 2013 WL 44919 (S.D.N.Y. 2013) (five month delay insufficient to create prejudice where no discovery occurred and no dispositive

motions were filed) (citing Republic Inc. Co. v PAICO Receivables, LLC, 383 F.3d 341, 346 (5th Cir. 2004)).

The Court concludes that Defendants are entitled to an order compelling arbitration. Defendants have shown that Plaintiff Geiger and opt-in Plaintiffs Carmon and Moss entered into a valid agreement to arbitrate and waived their right to pursue a class action. Epic Systems Corp., 584 U.S. at ____. No discovery has occurred. The Glenkat Defendants moved to compel arbitration less than four months after Plaintiffs amended their Complaint. Although the Glenkat Defendants filed a Motion to Dismiss, Plaintiff Holley's claims are not arbitrable and accordingly her claims were subject to the Motion. Plaintiffs have failed to overcome the well established policy favoring arbitration.

The Court has discretion to dismiss an action where all the issues raised are arbitrable. The more common practice is to stay the action or those claims pending the outcome of arbitration in order to provide a convenient forum for confirmation of any ensuing arbitration award. See 9 U.S.C. § 3 ("a stay is mandatory upon a showing that the opposing party has commenced suit upon any issue referable to arbitration...."); 9 U.S.C. § 9 ("any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an is order unless the award vacated").

For those reasons and the other reasons stated in Defendants' briefs, their Motion to Compel Arbitration is granted as to all claims brought by Plaintiff Geiger and opt-in Plaintiffs Carmon and Moss.

**NOW THEREFORE IT IS HEREBY ORDERED:**

1. Defendants' "Motion to Compel Arbitration and Dismiss or Stay Action" (document #55) is **GRANTED** as to all claims brought by Plaintiff Geiger and opt-in Plaintiffs Carmon and Moss, and this matter is **STAYED** as to those claims. Plaintiff Geiger and opt-in Plaintiffs Carmon and Moss and Defendants shall arbitrate those claims as provided in their Employment Agreements.

2. The Clerk is directed to send copies of this Order to counsel of record <u>and to the Honorable Frank D. Whitney</u>.

**SO ORDERED**.

Signed: August 20, 2018

David S. Cayer
United States Magistrate Judge