UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00738-FDW-DSC

| | |
|---|---|
| ROSEANN GEIGER and<br>SHERRI HOLLEY, individually and on behalf of all others similarly situated<br><br>    Plaintiffs,<br><br>vs.<br><br>H.H. FRANCHISING SYSTEMS, INC., d/b/a HOME HELPERS, a foreign corporation; GLENKAT, INC.; KATHLEEN HOLDEN, an individual; and GLENN HOLDEN, an individual,<br><br>    Defendants. | ORDER |

THIS MATTER is before the Court on Plaintiffs' Motion for Conditional Certification and Judicial Notice under 29 U.S.C. § 216(b), (Doc. No. 44), as well as Plaintiffs' Revised Motion (Doc. No. 68) filed "to clarify the identity of the moving party" after this matter was stayed against Roseann Geiger, one of the plaintiffs. In light of this Revised Motion, the original motion (Doc. No. 44) is DENIED AS MOOT.

In addition to seeking the Court's approval of the proposed Notice of Collective Action Lawsuit and the corresponding Consent to Become Party Plaintiff form, Plaintiff Holley also seeks conditional certification under the Fair Labor Standards Act ("FLSA") of a collective class defined as:

> [A]ll current and former in-home caregiver employees who regularly worked 24-hour shifts and/or who worked more than 40 hours per week, are/were employed by H.H. Franchising Systems, Inc. d/b/a Home Helpers; and/or Glenkat, Inc.; Kathleen Holden and Glenn Holden (collectively, "Defendants") in North Carolina from December 24, 2014[,] to the present.

(Doc. No. 68, p. 2). Defendants object to Plaintiff's Motion. (Docs. Nos. 72, 74), and Plaintiff Holey replied (Docs. Nos. 73, 75). The Motion is now ripe for resolution. For the reasons below, the Court GRANTS IN PART AND DENIES IN PART the Motion for Conditional Certification and Judicial Notice.

As stated by the Supreme Court when addressing Section 216(b) of Title 29, a "collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources" and benefits the judicial system "by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1983) (addressing action under the Age Discrimination in Employment Act of 1967, which incorporates 29 U.S.C. § 216(b) through 29 U.S.C. § 626(b)).

> These benefits, however, depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate. Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure. See Fed. Rule Civ. Proc. 83.

Id. Therefore, the Supreme Court recognized that "it lies within the discretion of a district court to begin its involvement early, at the point of the initial notice, rather than at some later time[,]" id. at 171, and held "that district courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) (1982 ed.) . . . by facilitating notice to potential plaintiffs[,]" id. at 169.

The Court, in the exercise of its discretion, concludes that Court approval of a notice is appropriate on this record when *limited* to individuals who worked for the Glenkat franchise and not "all North Carolina franchises." Thus, to the extent requested, the Court denies Plaitniff's

request to send notice to "ALL IN-HOME CAREGIVER EMPLOYEES EMPLOYED BY H.H. FRANCHISING SYSTEMS, INC., d/b/a HOME HELPERS and/or GLENKAT, INC. IN NORTH CAROLINA." Plaintiff has plead, attested to facts, and filed documentation supporting a plausible FLSA claim on behalf of similarly situated plaintiffs who worked for the Glenkat franchise. (See Doc. No. 69). Plaintiff has made a sufficient showing of a common policy or practice by the Glenkat franchise. See e.g., Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010) ("The court may send this notice after plaintiffs make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" (citation omitted)); McLaurin v. Prestage Foods, Inc., 271 F.R.D. 465, 469 (E.D.N.C. 2010) (same). However, statewide notice to *all* employees of Home Helpers, including those who worked for franchises other than Glenkat, is not appropriate – particularly where other franchisees are not named Defendants. Both the Court's ability to orderly oversee the joining of parties and the parties' ability to timely complete discovery would be hindered if such broad notice were allowed. See generally Sperling, 493 U.S. at 170; Mickles v. Country Club, Inc., 887 F.3d 1270, 1280 (11th Cir. 2018) (affirming denial of conditional certification and notice as untimely).

The Court also declines to grant Plaintiff's request to "conditionally certify" the collective action. Conditional certification of a collection action is not required by the FSLA, the Supreme Court, or the Fourth Circuit. Cf. Mickles, 887 F.3d at 1278 (holding that conditional certification is not required to become a party plaintiff in light of the plain language of section 216(b) and the Supreme Court's holdings). The FLSA is distinct from Rule 23 in many ways and the Court does not believe the term "conditional certification" embodies the discretionary case management involvement permitted under 29 U.S.C. § 216(b). "[U]nlike in a class action filed pursuant to

3

Federal Rule of Civil Procedure 23 or a comparable state court rule, in a collective action under the FLSA, a named plaintiff represents only himself until a similarly-situated employee opts in as a 'party plaintiff' by giving 'his consent in writing to become such a party and such consent is filed in the court in which such action is brought.'" Simmons v. United Mortg. & Loan Inv., LLC, 634 F.3d 754, 758 (4th Cir. 2011) (quoting 29 U.S.C. § 216(b)).

Therefore, the Court concludes some modifications to Plaintiff's Proposed Notice (Doc. No. 69-5) are necessary.

> Court intervention in the notice process for case management purposes is distinguishable in form and function from the solicitation of claims. In exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action.

Sperling, 493 U.S. at 174. To achieve this end, in addition to the modification to the proposed class, the Court orders the following modifications to the Proposed Notice of Collective Action Lawsuit (Doc. No. 69-5) (the "Notice"):

1. Modify the Notice to be sent to: "All current and former in-home caregiver employees who regularly worked 24-hour shifts and/or who worked more than 40 hours per week, are/were employed by H.H. Franchising Systems, Inc. d/b/a Home Helpers; and/or Glenkat, Inc.; Kathleen Holden and Glenn Holden (collectively, "Defendants") in North Carolina from December 24, 2014[,] to the present."

2. Modify the "Who Can Join This Lawsuit" section of the proposed Notice to be limited in accordance with the above ruling regarding employees who worked for Home Helpers franchisees other than Glenkat.

3. Add to the "Description of the Lawsuit" – "Glenkat, Inc. and Home Helpers deny that any employee was not properly paid minimum and overtime wages. All employees were properly paid under the Fair Labor Standards Act, and in particular were properly paid according to Department of Labor standards and guidelines regarding payment for work during sleep periods. Glenkat, Inc. and Home Helpers acted in good faith and contest any liability as alleged by Plaintiff." (See Doc. No. 72, p. 11).

4. The Court also declines to grant Plaintiff's request to send additional notices or subsequent notices. Given the timing of the Notice, the Court believes repetitive unsolicited contact with potential party plaintiffs after the initial Notice by First Class Mail may create the appearance of undue Court involvement in the solicitation of claims. To the extent Plaintiff seeks email addresses for purposes of sending duplicative notice, the Court finds duplicative notice by email inappropriate.

5. No later than December 4, 2018, Defendants shall produce a computer-readable data file containing the names and addresses or all Potential Plaintiffs. The Court approves a 60-day "opt-in period," to begin December 11, 2018.

6. The Court sets the deadline of February 9, 2019, for opting into this action.

7. In light of these deadlines, the Court *sua sponte* modifies only the following deadlines[1]:

      **a. Discovery Completion**      **March 27, 2019**

      **b. ADR**      **April 13, 2019**

      **c. Dispositive Motions (filed)**      **April 27, 2019**

---

[1] All other deadlines, including the Dispositive Motions hearing week of June 3-14, 2019, and the trial setting for the term beginning July 1, 2019, remain unaltered by this Order. Counsel and the parties should refer to the Case Management Order (Doc. No. 48), which governs all other deadlines other than the modifications noted here.

THEREFORE, consistent with this Order, the Court GRANTS IN PART and DENIES IN PART the Revised Motion Conditionally Certify a Collective Action and Facilitate Notice under 29 U.S.C. § 216(b) (Doc. No. 68). The original Motion (Doc. No. 44) is DENIED AS MOOT. The Court approves the issuance of a notice consistent with this Order and sets the deadline for opting into this action as February 9, 2019.

IT IS SO ORDERED.

Signed: November 27, 2018

_____
Frank D. Whitney
Chief United States District Judge