# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:17-CV-00738-FDW-DSC

| | |
|---|---|
| ROSEANN GEIGER et. al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>)<br>H&H FRANCHISING SYSTEMS INC. )<br>et. al., )<br>)<br>Defendants. ) | **MEMORANDUM AND<br>RECOMMENDATION AND ORDER** |

**THIS MATTER** is before the Court on "Plaintiffs' … Motion for Sanctions" (document #80) and "Motion to Compel Responses to Deposition Questions and … for [Further] Sanctions" (document #100) as well as the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for the Court's consideration.

Plaintiffs seek unpaid minimum and overtime wages as well as statutory penalties for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1 et seq. Plaintiffs also seek to represent all similarly situated employees through an FLSA collective action.

On July 2, 2018, the Glenkat Defendants filed their "Motion to Compel Arbitration and Dismiss or Stay Action" (document #55). On August 21, 2018, the Court granted Defendants' Motion, ordered Plaintiff Geiger and opt-in Plaintiffs Carmon and Moss to arbitrate their claims, and stayed the case as to those claims. See "Memorandum and Order" (document #65).

On February 15, 2019, the American Arbitration Association notified Plaintiffs' counsel that the Glenkat Defendants were unable to pay the costs of the arbitration as they were obligated to do under the terms of the arbitration agreement.

On February 26, 2019, Plaintiffs filed their "Motion to Lift Stay … and Motion for Sanctions" (document #80). On March 8, 2019, the Court lifted the stay. See "Order" (document #91).

The remaining issue before the Court is whether to impose sanctions on the Glenkat Defendants pursuant to the Court's "inherent power to police those appearing before them." Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1223 (11th Cir. 2017). The Court's inherent power "to police those before them" is governed by a subjective standard of bad faith. Chambers v. NASCO, Inc., 501 U.S. 32, 47 n.11 (1991). This power must be exercised with discretion and restraint. Id. at 44-45. This power is not directed at protracted litigation. It is for rectifying disobedience. Id. at 44. "Courts considering whether to impose sanctions under their inherent power should look for disobedience and be guided by the purpose of vindicating judicial authority." Purchasing Power, LLC, 851 F.3d at 1225. The Court must examine competent evidence in the context and circumstances of the particular case. Chambers, 501 U.S. at 50.

The bad faith standard for purposes of sanctions is necessarily a stringent one. Adams v. Carlson, 521 F.2d 168, 170 (7th Cir. 1975). There must be "clear evidence" that the challenged actions are in bad faith, without color, and taken for reasons of harassment, delay or improper purpose. Weinberger v. Kendrick, 698 F.2d 61, 80 (2d Cir. 1982). Bad faith includes oppressive or vexatious conduct, or conduct to perpetrate a fraud upon the Court. Haeger v. Goodyear Tire & Rubber Co., 793 F.3d 1122 (9th Cir. 2015). "Recklessness" does not satisfy the inherent powers standard nor does it constitute bad faith. Purchasing Power, 851 F.3d at 1225.

Plaintiffs have not alleged that Defendants acted with subjective bad faith sufficient to warrant sanctions. Accordingly, the undersigned respectfully recommends that Plaintiffs' Motion for Sanctions be <u>denied</u>. Plaintiffs' Motion to Compel discovery in furtherance of their Motion for Sanctions is <u>denied</u>.

## ORDER

**IT IS ORDERED** that Plaintiffs' "Motion to Compel Responses to Deposition Questions and … for [Further] Sanctions" (document #100) is **DENIED**.

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Plaintiffs' … Motion for Sanctions" (document #80) be **DENIED**.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties and to the Honorable Frank D. Whitney.

**SO ORDERED AND RECOMMENDED**.

Signed: May 21, 2019

David S. Cayer
United States Magistrate Judge