# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:17-CV-00738-KDB-DSC

| | |
|---|---|
| SHERRI HOLLEY<br>ROSEANN GEIGER,<br><br>**Plaintiffs,**<br><br>v.<br><br>LINSALATA CAPITAL<br>MANAGEMENT LLC<br>H&H FRANCHISING SYSTEMS, INC.<br>GLENKAT, INC.<br>KATHLEEN HOLDEN<br>LINCAP MANAGEMENT COMPANY<br>GLEN HOLDEN<br>H.H. FRANCHISING SYSTEMS, INC.<br>HOME HELPERS HOLDING<br>COMPANY<br>LINSALATA CAPITAL PARTNERS<br>FUND VI, LP<br>LINCAP VI GP, LLC,<br><br>**Defendants.** | **ORDER** |

This matter is before the Court on Plaintiffs Notice of Request for Entry of Default (Doc. No. 154) and Motion for Entry of Default (Doc. 154). Defendants Glenkat, Inc., Kathleen Holden and Glenn Holden have filed their response to the request and motion (Doc. No. 157). No reply has been filed. For the reasons discussed briefly below, the Court, having considered the motion, the parties' arguments in support of and in opposition to it and the other relevant portions of the record, **DENIES** the motion.

## Legal Standard

Rule 55 of the Federal Rules of Civil Procedure governs the entry of default and default judgments in civil actions in Federal Court. Rule 55(a) states that the clerk must enter default

"[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).

The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits," Colleton Prep. Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010). Whether a default judgment should be entered or respondents allowed to answer is a matter resting in the sound discretion of the district court. Werner v. Carbo, 731 F.2d 204, 206 (4th Cir. 1984).

## Discussion

Plaintiffs seek entry of default in this action for defendant Glenkat's failure to retain substitute counsel by July 20, 2019, as ordered by the Court. See Doc. 150. Glenkat does not dispute that failure. Rather, by affidavit of Glenn Holding, it has established that the reason for its lack of counsel by that date was the company's insufficient financial means to engage substitute counsel and that as soon as its insurer agreed to pay for counsel, it engaged new counsel. Shortly thereafter, and less than two weeks after the date ordered by the Court, Elizabeth Martineau filed an appearance as counsel of record for Glenkat, Kathleen Holding and Glenn Holding on July 31, 2019. See Doc. 155. Accordingly, the Court finds in the exercise of its discretion that default should not be entered against Glenkat and this action should proceed to be adjudicated on the merits of the plaintiffs' and defendants' asserted claims and defenses, if not earlier resolved among the parties.

**IT IS, THEREFORE, ORDERED** that:

Plaintiff's Motion for Default Judgment (Doc. No. 154) is **DENIED**.

Signed: October 31, 2019

Kenneth D. Bell
United States District Judge