UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:17-cv-00738-KDB-DSC

| | |
|---|---|
| ROSEANN GEIGER and<br>SHERRI HOLLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>H.H. FRANCHISING SYSTEMS, INC., d/b/a HOME HELPERS, a foreign corporation; GLENKAT, INC.; KATHLEEN HOLDEN, an individual; and GLENN HOLDEN, an individual,<br><br>Defendants. | **PLAINTIFFS' MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT** |

By and through undersigned counsel, Plaintiffs Roseann Geiger and Sherri Holley ("Plaintiffs"), hereby move this Court for approval of the settlement that they have reached with Defendants H.H. Franchising Systems, Inc., d/b/a Home Helpers, Glenkat, Inc., Kathleen Holden and Glenn Holden (collectively "Defendants") and in support thereof state as follows:

1. Plaintiffs Geiger and Holley filed this action against Defendants on December 24, 2017 alleging on behalf of themselves, individually, and all other similarly situated in-home care givers who worked for the Defendants, who elected to opt-in to this action pursuant to the collective action provision of 29 U.S.C. § 216(b) that they are entitled to recover (i) unpaid minimum wages, (ii) unpaid overtime wages for all hours worked exceeding forty (40) in a workweek, and (iii) statutory penalties, including liquidated damages, pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*,

specifically 29 U.S.C. §§ 207, 216(b). Plaintiffs further alleged, pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves, individually, and all similarly situated employees of Defendants, who work or worked in the state of North Carolina that they are entitled to all unpaid wages, plus interest, liquidated damages, costs and fees and penalties as allowed for Defendants' violations of the NCWHA, N.C. Gen. Stat. §§ 95-25.1 *et seq.* (Dkt. No.1 and 25).

2. Opt-In Plaintiffs Moss and Carmon filed consents to join the action in December 2017. (Dkt. No. 4 and 5)

3. Opt-In Plaintiff Naima Stevenson (now Spentz) filed a consent to join the action in February 2019. (Dkt. No. 78)

4. Defendants have denied any wrongdoing and deny they owe Plaintiffs any compensation or associated penalties. Defendants affirmatively assert that Plaintiffs have been appropriately paid at all times. Defendant HHFS denies that it was a joint employer of Plaintiffs.

5. A *bona fide* dispute exists regarding Plaintiffs' claims for wages owed by Defendants.

6. However, in an effort to avoid the additional costs and uncertainty of trial, the Parties have agreed to resolve the disputed factual and legal issues on the terms set forth in the proposed confidential settlement agreement ("Settlement Agreement"). A copy of the Settlement Agreement has been separately submitted to the Court's chambers for purposes of *in camera* review.[1]

7. Submission of the Settlement Agreement for *in camera* review is consistent with courts

---

[1] Because the Settlement Agreement is confidential, the actual amounts to be paid Plaintiffs, as well as Plaintiffs' attorneys' fees and costs, are only set forth in the Settlement Agreement.

in this district's approach in prior FLSA actions. *See, e.g., In re Family Dollar FLSA Litig.*, 2012 U.S. Dist. LEXIS 35303 (W.D.N.C. Mar. 14, 2012) (court conducted an *in camera* review of the Parties' confidential Settlement Agreement and Releases. The Court approved the Settlement Agreement and Releases after finding 1) the contested case was fair, reasonable, and in the best interest of the settling plaintiffs; 2) the settlement agreement and releases reflected a reasonable compromise of disputed issues; and 3) the parties were adequately represented by counsel who had protected their respective rights.).

8. The Settlement Agreement resolves all claims asserted, and all claims (known or unknown) that could have been asserted, in this action by the two Named Plaintiffs and three Opt-In Plaintiffs against Defendants and was crafted at arm's length by experienced counsel on both sides following two years of aggressively contested litigation.[2]

9. In total, and without admitting any liability, Defendants have agreed to pay the five Plaintiffs a portion of the wages owed as referenced in the Settlement Agreement and calculated using Exhibit A of the Settlement Agreement, together with reasonable attorneys' fees and costs, as the FLSA is a fee-shifting statute.

10. Defendants have also agreed to pay Plaintiffs Geiger and Holley an enhancement award for their time and effort in pursuing this litigation and serving as Named Plaintiffs. Both attended the mediations conducted in this action, Holley was deposed, and both have participated extensively in this litigation.

11. Throughout the two years of litigation in this action, the Parties have conducted a

---

[2] No 29 U.S.C. § 216(b) collective action or Rule 23 class has been certified in this matter, so the claims of any putative members who have not joined this action as an Opt-In would be dismissed ***without*** prejudice.

3

thorough investigation; propounded multiple sets of discovery; engaged in lengthy depositions; conducted two lengthy mediations, prepared and argued numerous motions, including multiple pending cross-motions for summary judgment. Thousands of documents and data have been exchanged, including Plaintiffs' personnel files, time records, documents related to their job duties and responsibilities, and Defendants' policy and procedure manuals.

12. Following the appearance of new counsel for Glenkat, Inc., Kathleen Holden and Glenn Holden, a series of good faith discussions between the Parties and a second mediation being conducted by Ray Owens on November 18, 2019 [Dkt. No. 159], the Parties concluded that continued litigation, including trial, with respect to Plaintiffs' claims would be protracted, expensive, long, contrary to their best interests, and disproportionate to any possible additional recovery for any potential plaintiff.

13. Although neither Plaintiffs nor Defendants abandon any position taken in this action, the Parties desire to amicably resolve this matter as reflected by the executed Settlement Agreement.

14. Counsel for Plaintiffs and Opt-In Plaintiffs advised counsel's clients regarding the Settlement Agreement and recommended judicial approval thereof. Plaintiffs and Opt-In Plaintiffs had sufficient time to review the Settlement Agreement and consult with an attorney before they executed the Settlement Agreement. Each Plaintiff and Defendant has signed the Settlement Agreement, as such, there are no objections to the Agreement.

15. Additionally, prevailing plaintiffs are entitled to reasonable attorneys' fees and costs to be paid by the Defendants under the FLSA. 29 U.S.C. § 216(b). Therefore, the Parties negotiated reasonable attorney's fees and costs separate and apart from and outside of Plaintiffs' recovery, to be paid by Defendants. Parties to an FLSA settlement generally reach an agreement

on the amount of attorneys' fees to be paid.  Such an arrangement poses no particular problem for court approval.  In fact, federal courts at all levels encourage litigants to resolve fee issues by agreement whenever possible.  As the As the United States Supreme Court explained, "[a] request for attorney's fees should not result in a second major litigation.  Ideally, of course, litigants will settle the amount of a fee."  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

16. Here, and as the docket reflects, counsel for Plaintiffs diligently performed extensive legal work for more than two years; against multiple defense counsel and in multiple venues including three (3) separate arbitrations in addition to this action until forced to compel arbitrations back to federal court; conducted extensive discovery, including multiple depositions; prepared and responded to numerous motions;  participated in two mediations and was prepared for trial originally set for July 8, 2019, incurring extensive fees and advanced costs in the prosecution of Plaintiffs' FLSA claims.

17. Moreover, this is not a common-fund settlement where defendants typically have little interest in how much of the settlement consideration is allocated to attorneys' fees.  Rather, here, in arm's-length negotiations, Defendants, sophisticated business people who were aided by experienced and competent counsel with specific experience litigating FLSA cases, sought to minimize the fees that they had to pay in addition to the money they will be paying Plaintiffs, and therefore defense counsel had a keen interest in negotiating the smallest amount their clients would have to pay.

18. Additionally, as explained in *McBean v. City of New York*, 233 F.R.D. 377 (S.D.N.Y. 2006), if the attorneys' fees and expenses are paid "entirely independent of money awarded to the class, the Court's fiduciary role in overseeing the award is greatly reduced, because there is no conflict of interest between attorneys and class members," as opposed to where the award of fees

5

is to be paid from a common fund and essentially is "money taken from the class," and "then the Court must carefully review the award to protect the interests of the absent class members." *Id*. at 392 (*citing Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 123-24 (2d Cir. 2005) and *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43 (2d Cir. 2000)); *accord Su*, 2006 WL 4792780, at *3 (explaining that the court has "greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fees" when those fees are not being deducted from the employee's settlement). Accordingly, courts are permitted to award an agreed upon amount for attorneys' fees especially where that amount is *in addition to and separate from* the defendant's payment to the class.

19. Most courts have held that employees cannot waive claims for unpaid wages under the FLSA without court approval. As the Eleventh Circuit Court of Appeals explained in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), in the "context of suits brought directly against their employer under Section 216(b) to recover back wages for FLSA violations," the parties must present any proposed settlement to the district court, which "may enter a stipulated judgment after scrutinizing the settlement for fairness." The policy of encouraging settlement of litigation applies in the context of FLSA litigation where there are bona fide issues in dispute and employees are represented by "an attorney who can protect their rights under the statute." *Lynn's Food Stores*, 679 F.2d at 1354.

20. Plaintiffs believe that, given the totality of the circumstances, the Settlement Agreement's terms constitute a fair, reasonable and appropriate resolution of the Parties *bona fide* dispute, and that the Parties have been competently represented by experienced counsel from the outset of the case, through which the Parties vigorously prosecuted and defended the merits of the claims. The proposed Settlement includes payments to Plaintiffs to resolve this litigation.

Defendants are also paying Plaintiffs' reasonable attorneys' fees and costs in bringing this action and an enhancement award to Plaintiffs Geiger and Holley. Other indicia of fairness are also present including the settlement will conserve substantial time and expense by eliminating the need for trial, the parties have mitigated the risk and costs on both sides that proceeding further presents, and, by settling, Plaintiffs have avoided a further delay in receiving any possible recovery.

21. As presented herein, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion for Approval of Settlement Agreement as a fair, reasonable and adequate resolution of the case following this Court's *in camera* review.

Respectfully submitted this 3rd day of January 2020.

*/s/ L. Michelle Gessner*
L. Michelle Gessner, NCSB#26590
GESSNERLAW, PLLC
602 East Morehead Street
G.G. Galloway House
Charlotte, North Carolina 28202
Tel: 704-234-7442; Fax: 980-206-0286
Email: michelle@mgessnerlaw.com

*Attorney for Plaintiffs and Opt-In Plaintiffs*