**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
CHARLOTTE **DIVISION**
**CIVIL ACTION NO.** 3:17-CV-00738-KDB-DSC

| | |
|---|---|
| SHERRI HOLLEY AND ROSEANN GEIGER**,**<br><br>**Plaintiffs,**<br><br>v.<br><br>H&H FRANCHISING SYSTEMS, INC.; GLENKAT, INC.; KATHLEEN HOLDEN; AND GLEN HOLDEN**,**<br><br>**Defendants.** | **ORDER** |

This matter is before the Court on Plaintiffs' Motion for Approval of Settlement Agreement (Doc. No. 160). The motion is unopposed by the Defendants, who have agreed in the parties' Settlement and General Release Agreement dated December 29, 2019 (the "Settlement Agreement") to cooperate in seeking to obtain judicial approval of the terms of the settlement. For the reasons discussed briefly below, the Court will **GRANT** Plaintiffs' motion, except to the extent it seeks to avoid the public filing of the Settlement Agreement. Accordingly, the Court will approve the Settlement Agreement, but will require that the Settlement Agreement be publicly filed as a condition of the Court's approval.

Plaintiffs have asserted claims against the Defendants alleging violations of the Fair Labor Standards Act ("FLSA") and the North Carolina Wage and Hour Act. Now, while still maintaining their different positions on the merits of the Plaintiff's claims, the parties have agreed to settle their dispute to avoid the risk and expense of further litigation. "Parties are typically permitted, and often encouraged, to reach private settlements." *Baker v. Dolgencorp, Inc.,* 818 F. Supp. 2d 940,

942 (E.D. Va. 2011). However, settlements of FLSA cases are different because those cases cannot be settled without a court finding that the settlement is fair and reasonable. *See, e.g., Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982); *Taylor v. Progress Energy*, 493 F.3d 454, 460 (4th Cir. 2007).

After a careful and thorough review of the parties' Settlement Agreement, the Court finds that the terms of the Parties' settlement of this contested case are fair, reasonable, and in the best interest of the Plaintiffs. The Settlement Agreement reflects a reasonable compromise of disputed issues and the parties have been represented by counsel who have protected their respective rights in this matter. With respect to Plaintiffs' attorneys' fees, the Court will, under the particular circumstances of this case (including, but not limited to, the fact that the fees will be paid independent of the money being paid to the Plaintiffs), also approve the parties' negotiated agreement as to the amount of those fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *McBean v. City of New York*, 233 F.R.D. 377 (S.D.N.Y. 2006).

However, the Court will not grant the parties' request that the Court permit them to enter into a confidential settlement that is considered and approved by the Court after only an *in camera* review. "The general rule is that the record of a judicial proceeding is public," *Jessup v. Luther,* 277 F.3d 926, 927 (7th Cir. 2002), and "[t]he public's right of access to judicial records and documents may be abrogated only in unusual circumstances." *Stone v. Univ. of Md. Med. Sys. Corp.,* 855 F.2d 178, 182 (4th Cir.1988). A settlement agreement requiring court approval is a judicial record, which the common law presumes to be a public document. *See Jessup,* 277 F.3d at 928–29. This presumption is particularly strong for FLSA settlements. *See David v. Kohler Co.,* No. 1:15-cv-01263, 2019 WL 6719840 (W.D. Tenn. December 10, 2019); *Owino v. IBM Corp.,* No. 1:12-cv-1041, 2013 U.S. Dist. LEXIS 84358 (M.D.N.C. June 14, 2013); *Stalnaker v. Novar*

*Corp.,* 293 F. Supp. 2d 1260, 1263–64 (M.D.Ala.2003). Further, allowing the parties to enter into a confidential settlement would be inconsistent with the public interest in the enforcement of the FLSA and court supervision of FLSA settlements. *Id.* Therefore, Plaintiffs must publicly file the Settlement Agreement as a condition of the Court's approval of the Settlement Agreement.

**NOW THEREFORE IT IS ORDERED THAT**:

1. Plaintiffs' Motion for Approval of Settlement Agreement (Doc. No. 160) is **GRANTED** as set forth above; and

2. Plaintiffs are directed to file the approved Settlement Agreement in this action through the Court's ECF system within three days of the date of this order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: January 8, 2020

Kenneth D. Bell
United States District Judge